**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| ELizabeth Nash,<br><br>                  Plaintiff,<br><br>v.<br><br>SFN GROUP, INC., a Delaware Corporation, f/k/a Spherion Corporation, SPHERION STAFFING, L.L.C., a Delaware Limited Liability Company, and TECHNISOURCE, INC., a Delaware Corporation,<br><br>                  Defendants. | **CIVIL ACTION**<br><br>No. 10-2349-MLB |

**MEMORANDUM AND ORDER**

This matter comes before the court on defendants' motion to dismiss. (Doc. 13). The motion has been fully briefed and is ripe for decision. (Docs. 14, 19, 23).

Defendants move to dismiss plaintiff's whistleblower retaliation claims, Counts VI and VII, pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants' motion is granted.

## I. BACKGROUND

Plaintiff filed her complaint on June 23, 2010. (Doc. 1). In Counts I through III, plaintiff alleges that defendants discriminated and retaliated against her because of her age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. In Counts IV and V, plaintiff alleges that defendants failed to pay and underpaid commissions in which she had earned in violation of the Kansas Wage Payment Act, K.S.A. 44-313 et seq. Counts VI and VII, which are the two counts subject to defendants' motion to dismiss, are

plaintiffs whistleblower retaliation claims for inquiring about defendants' storage of employee social security numbers and plaintiff's inquiry regarding commissions.

**II. STANDARDS**

Defendants' motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6). The standards this court must utilize upon a motion to dismiss are well known. To withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1953 (2009) (expanding <u>Atl. Corp. v. Twombly</u>, 550 U.S. 544, (2007) to discrimination suits); <u>Robbins v. Oklahoma</u>, 519 F.3d 1242, 1247 (10th Cir. 2008). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to the plaintiff. <u>Archuleta v. Wagner</u>, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon this court's consideration. <u>Shero v. City of Grove, Okla.</u>, 510 F.3d 1196, 1200 (10th Cir. 2007). In the end, the issue is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims. <u>Beedle v. Wilson</u>, 422 F.3d 1059, 1063 (10th Cir. 2005).

**III. ANALYSIS**

The parties agree that Count VI should be dismissed based on the holding in <u>Fowler v. Criticare Home Health Services, Inc.</u>, 27 Kan. App. 2d 869, 876, 10 P.3d 8, 14 (2000) (emphasizing that "the infraction must have been reported to 'either company management or law enforcement officials[]'"). Count VI is dismissed.

Defendants claim that Count VII also should be dismissed because plaintiff failed to set forth facts sufficient facts to meet the elements of a whistleblower retaliation claim. Because plaintiff has not presented direct evidence of retaliation, the McDonnell Douglas burden-shifting framework applies.[1] Conrad v. Board of Johnson County Com'rs, 237 F. Supp. 2d 1204, 1266 (D. Kan. 2002).

> The plaintiff must first establish a prima facie case of retaliation. To establish a prima facie case, the plaintiff must demonstrate that (1) a reasonably prudent person would have concluded that the plaintiff's co-worker or employer was engaged in activities in violation of rules, regulations, or the law pertaining to public health, safety, and the general welfare; (2) the plaintiff reported to either management or law enforcement that a co-worker or employer was engaged in such activities; (3) the employer had knowledge of the employee's reporting prior to the employee's termination; (4) the plaintiff was terminated subsequent to or contemporaneous with such protected activity; and (5) a causal connection exists between the protected activity and the plaintiff's termination.

Defendants contend that plaintiff cannot establish a prima facie case or retaliation because no public policy exists as to the payment of commissions. Defendants further argue that plaintiff did not report a "serious infraction."

Plaintiff alleges in her complaint that in May 2008, defendants' changed the formula for computing the commissions of its recruiters. (Doc. 1 at 3). Additionally, plaintiff's regional branch manager, Chad Macy applied a separate formula to computing plaintiff's commissions amounting to a reduction in pay, which was not applied to other recruiters. On November 12, 2008, plaintiff sent an e-mail to Macy asking about unpaid, but earned, commissions. Macy replied that

---

[1] McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

"there was an unpaid amount of commissions, but said an exact amount would be computed at the end of the year." (Doc. 1 at 4). However, nowhere in plaintiff's complaint does she allege that she reported her underpaid commissions to another manager or supervisor.

Based on the facts presented in plaintiff's complaint, the court finds that plaintiff did not report her underpaid commissions to proper company management sufficient to support her whistleblowing retaliation claim. Plaintiff's e-mail to Macy was nothing more than an inquiry regarding payment. See <u>Boe v. AlliedSignal Inc.</u>, 131 F. Supp. 2d 1197, 1204 (D. Kan. 2001) (holding that the plaintiff's communication to the wrongdoer was not whistleblowing, but amounted to a mere disagreement). Macy is one of the alleged wrongdoers in plaintiff's complaint who reduced and underpaid her commissions. Plaintiff cannot establish a prima facie case for her whistleblowing claim regarding underpaid commissions, Count VII, and it is dismissed.

## IV. CONCLUSION

For the reasons stated more fully herein, defendants' motion to dismiss Counts VI and VII of plaintiff's complaint (Doc. 13) is granted.

A motion for reconsideration of this order is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise

available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in Comeau.

IT IS SO ORDERED.

Dated this  25th  day of October 2010, at Wichita, Kansas.

                                          s/ Monti Belot
                                          Monti L. Belot
                                          UNITED STATES DISTRICT JUDGE